BORGFELDT v. UNITED STATES.

(Circuit Court, S. D. New York. January 16, 1900.)

No. 2,745.

1. CUSTOMS DUTIES—CLASSIFICATION—MUSICAL INSTRUMENTS—TOYS.

Certain metallophones and mouth organs or harmonicas, having at least one full octave, and capable of playing a musical air, but not so finished as to musical qualities that they would be used by musicians, being fitted rather for the amusement of children, are dutiable as "toys," under paragraph 418, Tariff Act July 24, 1897, c. 11, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], and not as "musical instruments," under paragraph 453 of said act (30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]).

Appeal by the importers, George Borgfeldt & Co., from a decision of the Board of General Appraisers which affirmed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York.

The opinion of the Board in Re Illfelder et al., G. A. 4122, follows:

Wilkinson, General Appraiser. The goods are jew's-harps, harmonicas, metallophones, and similar articles of a musical character of the kind chiefly used by, or for the amusement of, children. They were assessed for duty as musical instruments at 45 per cent., under paragraph 453, schedule N, § 1, Act July 24, 1897, c. 11, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], and are claimed to be dutiable as toys at 35 per cent., under paragraph 418, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674]. In the case of all previous tariff conflicts between the provision for musical instruments and that for toys, the rate for musical instruments was the lower, and importers contended, and successfully prosecuted their claim, that articles like those in question should be classified as musical instruments, rather than as toys. For instance, under the Revised Statutes for 1874, toys were dutiable at 50 per cent., and musical instruments at 30 per cent. In the case of Schwartz v. Hartranft, 124 Fed. ——, the United States circuit court at Philadelphia held that jew's-harps came within the category of musical instruments, and sustained the claim that they were dutiable at 30 per cent. In Treasury Decision 4,859, the department cites the case of Foote v. Arthur, in which the court held that a musical instrument was "an implement or structure artificially constructed, and ordinarily used for the production of a succession of musical and harmonious sounds," and that certain harmonicas, which contained one and a half octaves, were entitled to entry at the lower rate, as musical instruments. In Treasury Decision 5,938, the department, in reply to an inquiry as to the status of jew's-harps under the act of 1883, decided that they should be classified as musical instruments, rather than as toys, in conformity with the Philadelphia judicial decision. Treasury Decision 9,685 orders a refund to the importers in the present case on jew's-harps and one octave harmonicas, as a result of suit N. S. 8,431 (Borgfeldt v. Robertson), in which the court held that the articles should be classified as musical instruments, rather than as toys. Reference to decisions under the act of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 567) would be misleading, as the act did not enumerate musical instruments. But the act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509) provided for both musical instruments and toys. For a little more than four months, under this act, the rate on toys was the higher, and importers successfully contended that jew's-harps, toy bugles, toy drums, harmonicas, etc., were entitled to the lower rate. Indeed, the learned counsel in the present case said in their brief, when making the contention under the act of 1894: "First. A provision for musical instruments is more definite and of greater enumerating force than a provision for toys. Its range is more limited, its specifications greater. Jew's-harps are at the same time toys and musical instruments," etc. This contention was sustained in G. A. 2903. We are now asked by the counsel to reach a different conclusion, although the only change in conditions of which the board is aware is a change in rates. But this reversal in rates is not a sufficient reason for a reversal in rulings founded upon a series of judicial decisions and upon the settled customs practice of almost 20 years.

We find: (1) That the goods are musical instruments, having at least one full octave, or playing, or capable of playing, a musical air. (2) That the goods are toys. Following the judicial decisions referred to, we hold that the provision for musical instruments is more specific than that for toys not specially provided for. We overrule the protests accordingly.

Comstock & Brown, for importers.
Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge. These articles are harmonicas or mouth organs and metallophones. They have been assessed as mu-

sical instruments, under paragraph 453, Schedule N, § 1, Act July 24, 1897, c. 11, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], against the claim that they are toys, under paragraph 418, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674]. They are not so finished as to musical qualities that they would be used by musicians, but their musical effect is rather such as fits them for the amusement of children. They do not rise to the dignity of musical instruments.

Decision reversed.